**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4532
_____

In re: FRANCES SCARBOROUGH,
                                        Appellant

*Chase Home Finance, Intervenor
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-CV-04236)
District Judge: Honorable Ronald L. Buckwalter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
**Opinion filed: July 26, 2010**
_____

OPINION

_____

PER CURIAM.

        Frances Scarborough is the owner of a duplex residence located at 5116 N.

Warnock Street in Philadelphia.  Chase Manhattan Mortgage ("Chase") holds a mortgage

on the property.  In 2001, Chase commenced mortgage foreclosure proceedings on the

property due to Scarborough's failure to make her monthly payments.  In order to prevent

the foreclosure, Scarborough filed for protection under Chapter 13 of the Bankruptcy Code. In September 2007, after several years of proceedings, the Bankruptcy Court finally denied confirmation of Scarborough's plan and dismissed her case. Scarborough appealed to the United States District Court for the Eastern District of Pennsylvania.

On March 18, 2008, while her appeal was pending in the District Court, Scarborough filed an emergency motion for a preliminary injunction in the Bankruptcy Court to prevent the Warnock Street property from being sold at an April 1, 2008 sheriff's sale in Philadelphia. See Fed. R. Bankr. P. 8005. By order entered March 20, 2008, the Bankruptcy Court denied the motion on the ground that Scarborough had failed to show a likelihood of success on appeal. Scarborough then filed an emergency motion for a preliminary injunction in the District Court, where her appeal was pending.

On April 3, 2008, the District Court entered an order on Scarborough's motion for a preliminary injunction. The order provided as follows:

> AND NOW, this 3rd day of April, 2008, upon consideration of Appellant's Motion for Preliminary Injunction, the Court has carefully reviewed the opinion of the [Bankruptcy Court Judge] on the prerequisites for granting such relief and finds no basis on which to disturb his thorough and well-reasoned opinion. Accordingly, it is hereby ORDERED that a hearing on Appellant's Motion for Preliminary Injunction is DENIED.

(Dist. Ct. No. 10.) On March 28, 2008, Scarborough filed a notice of appeal from this order. (C.A. No. 08-1942.) She also filed another emergency motion asking this Court to enjoin the sale of her property at the April 1st Philadelphia sheriff's sale.

2

By order entered May 30, 2008, we summarily dismissed the appeal from the District Court's order because it had become moot. For this reason, we also denied Scarborough's motion for a preliminary injunction.

The next activity in this case took place on October 13, 2008, when the following order was entered in the District Court docket:

> AND NOW, this 9th day of October, 2008, it is ordered that in accordance with this Court's order [denying the motion for a preliminary injunction] this case is CLOSED.
>
> BY THE COURT
> ATTEST:
>
> BY: S/ *MATTHEW J. HIGGINS*
> Deputy Clerk

(Dist. Ct. No. 13.) Scarborough now seeks review of this order.

We lack jurisdiction over this appeal. Although the District Court's October 9, 2008 order purported to mark the case closed, the prior order referenced therein denied injunctive relief only. Given that Appellant sought review of the Bankruptcy Court's September 2007 order denying confirmation of her plan and dismissing her case, the District Court has not yet entered a decision on the merits of the appeal. As a result, we may not assert jurisdiction over the appeal in this Court. See 28 U.S.C. § 1291; Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1980) (internal quotations and citations omitted) ( "A party may not take an appeal under [28 U.S.C. § 1291] until there has been a decision by the District Court that ends the litigation

3

on the merits and leaves nothing for the court to do but execute the judgment.")

Accordingly, this appeal is dismissed for lack of jurisdiction. The motion of Intervenor Chase Home Finance to file a supplemental appendix is granted. The Appellant's motion to reconsider and vacate the Court's order dated 12/15/2009 is denied.